IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


FOMDO DRAME, #A73 167 735    *
     Petitioner,
  v.        * CIVIL ACTION NO. DKC-05-1667

THE UNITED STATES DEPARTMENT *
 OF HOMELAND SECURITY, BUREAU
 OF IMMIGRATION AND CUSTOMS *
ENFORCEMENT
     Respondent.  *
         ******


## **MEMORANDUM**

I. Background

  Petitioner Fomdo Drame[1] is a native of Mali who, on July 3, 2004, attempted to enter the United

States, pursuant to the Visa Waiver Program, by using a French passport that matched records as one of

a number of blank French passports reported stolen and not issued by French authorities.  Paper No. 3,

Ex. A.  Petitioner was refused admission.  *Id*.  As he expressed a fear of returning to Mali, Petitioner's

application for asylum was referred to an Immigration Judge for a limited asylum hearing.  *Id*.  On July 30,

2004, Immigration Judge Steven R. Abrams denied Petitioner's applications for asylum, withholding of

removal, and protection under the Convention Against Torture.  *Id*., Ex. B.

  On August 9, 2004, Petitioner was convicted of passport forgery, in violation of 18 U.S.C. §1546,

in the United States District Court for the Eastern District of New York.  *See United States v. Drame*,

---

[1] According to immigration documents and the criminal court docket from the United States District Court for the Eastern District of New York, Petitioner's name is Fomdo Drame.  The Clerk shall amend the docket accordingly.

Criminal No. 04-CR-704-01 (E.D. N.Y. 2004) (left side of file). He was sentenced to time served, three

years supervised release, and ordered to pay a $100.00 special assessment. According to Respondent,

in December of 2004, Petitioner was transferred from the custody of the U.S. Marshals Service to the

Bureau of Immigration and Customs Enforcement ("ICE").

On June 17, 2005, the Clerk received for filing this 28 U.S.C. § 2241 Petition for habeas corpus,

which solely raises a challenge to Petitioner's post-removal-order detention under *Zadvydas v. Davis*, 533

U.S. 678 (2001). *See* Paper No. 1. At the time the Petition was received for filing, Petitioner was an ICE

detainee housed at the Dorchester County Detention Center in Cambridge, Maryland. *Id*. In a

boilerplate habeas pro se form, he alleged that his continued custody violated his rights under relevant

statute and denied him due process.[2] He sought immediate release from confinement and injunctive relief

to enjoin his further detention. *Id*. In a court-ordered response, Respondent indicates that on July 27,

2005, Petitioner was released from ICE custody under an order of supervision to an address in New York

City. Paper No. 3, Ex. C.

II.      Analysis

Petitioner's release from custody on immigration supervision moots his habeas relief request. *See*

*Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002) (alien's supervised release from extended detention

to which he was subject following entry of a final order of deportation mooted his habeas challenge to

---

[2]      The factual allegations set out in the Petition substantially differ from those made by Respondent.
For example, Petitioner claimed that he arrived in the United States in 1992, and resided in the New York
area since that date. Paper No. 1. In addition, he alleged that he had never been convicted for any crimes
while residing in the United States. *Id*.

legality of his detention, notwithstanding that his detention could potentially be resumed); *see also Picron-Peron v. Rison*, 930 F.2d 773, 775-76 (9th Cir. 1991).   Therefore, the Petition shall be dismissed.

III.     Conclusion

A separate Order shall be entered which dismisses this Petition and closes the case for all purposes.

Date:   August 3, 2005                              _____/s/_____
                                                    DEBORAH K. CHASANOW
                                                    United States District Judge